H. A. CAESAR & Co. *v.* UNITED STATES (No. 4009)[1]

United States Court of Customs and Patent Appeals, October 26, 1936

*Allan R. Brown* and *Fred J. Carter* (*Eugene F. Blauvelt* of counsel) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*William Whynman*, special attorney, of counsel), for the United States.

[Oral argument October 12, 1936, by Mr. Blauvelt and Mr. Whynman]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Colored cloth, composed in chief value of cotton, and being in part of rayon, was imported at the port of New York. The Collector of Customs assessed duty on the cloth at the rate provided for cotton cloth under paragraphs 903 and 904 (c) of the Tariff Act of 1930, and in addition thereto 5 per centum ad valorem under paragraph 905 as being in part of rayon. An added duty of 5 per centum was assessed

---

[1] T. D. 48608.

under paragraph 904 (d), by reason of the cloth being "woven with two or more colors or kinds of filling." There is no dispute as to the correctness of the assessment of the two last-named 5 per centum du'ties.

Paragraphs 903 (b), 904 (c), and 905, together with the pertinent portions of paragraphs 903 (c) and 904 (d) follow:

PAR. 903 (b) In the ascertainment of the condition of the cloth or yarn upon which the duties imposed upon cotton cloth are made to depend, *the entire fabric and all parts thereof shall be included.*

(c) The average number of the yarn in cotton cloth herein provided for shall be obtained by taking the length of the thread or yarn to be equal to the distance covered by it in the cloth in the condition as imported * * *.

PAR. 904 (c) *Cotton cloth, printed, dyed, or colored, containing yarns the average number of which does not exceed number 90, 16 per centum ad valorem and, in addition thereto, for each number, thirty-five one-hundredths of 1 per centum ad valorem;* exceeding number 90, 47½ per centum ad valorem.

(d) In addition to the duties hereinbefore provided in this paragraph, cotton cloth * * * *woven with two or more colors* or kinds of filling, *shall be subject to a duty of 5 per centum ad valorem.*

PAR. 905. *Cloth, in chief value of cotton, containing silk, or rayon or other synthetic textile, shall be classified for duty as cotton cloth under paragraphs 903 and 904 and shall be subject to an additional duty of 5 per centum ad valorem.* [Italics ours.]

The record shows, and both parties agree, that all the warp threads of the cloth involved are of rayon and that all the weft threads are of cotton; that the collector, in ascertaining the average yarn number of the cloth for dutiable purposes, under said paragraphs 903 and 904 (c), included the rayon warp threads and treated the same as if they were cotton.

The importer protested the assessment, claiming that the collector had erred in ascertaining the average yarn number, and that only the cotton yarns should be taken into consideration in determining the average yarn number. The following is quoted from the protest:

* * * In determining said average yarn number you should take into consideration the cotton yarns only and not the yarns composed of silk, or rayon, or other synthetic textile. The yarn number which you should use in calculating the primary duties upon said cloth is the average yarn number of the cotton yarns only. * * *

The United States Customs Court, Second Division, overruled the protest, approved the action of the collector, and, in part, said:

The language of said paragraph 905, providing that "cloth, in chief value of cotton, containing silk, or rayon, or other synthetic textile, *shall be classified for duty as cotton cloth under paragraphs 903 and 904*", is certainly very clear, and can mean but one thing, namely, that for dutiable purposes such merchandise shall be treated and considered in exactly the same manner as if the cloth were made all of cotton, especially in view of the further statutory instructions contained in paragraph 903 (b) * * *.

From the judgment of the United States Customs Court, importer has appealed here.

It is conceded by both sides that the collector, in ascertaining the average yarn number, applied the proper formula, and the sole question is whether or not he erred in treating the rayon yarns as though they were cotton in determining the average yarn number.

The record clearly shows, we think, that artificial silk yarns are never referred to by numbers, but by deniers; that ascertaining the yarn number of cotton yarns, as is shown by instructions in T. D. 33823, 25 Treas. Dec. 311, involves determining the number of yards in a pound—840 yards to a pound make a No. 1 yarn. If the yarn is finer, it has a greater number of yards to the pound and the yarn number increases. The denier system is exactly the converse of the cotton yarn number system—the finer the rayon yarns, the smaller will be their number.

It is argued by the importer, therefore, that Congress could not have contemplated taking into consideration, in determining a yarn number, a yarn that had no number, and that Congress could not have intended the result obtained by the collector.

We are in agreement with the conclusion reached by the trial court. The quoted language of the statute is plain and direct, and no rational meaning, other than that given to it by the trial court, has been suggested. The language used in said paragraph 905 cannot be ignored, and we think it requires that in determining the average yarn number, the whole cloth and all its parts shall be regarded as cotton, and all the yarns, both rayon and cotton, shall be regarded as cotton yarns.

No plausible reason has been suggested here why Congress, by the use of the quoted language, should have intended that the collector, in determining the yarn number, ignore the rayon yarns in cloth of the character at bar. Importer's counsel suggests that it is possible that the said added 5 per centum ad valorem duty under paragraph 905 was intended by the Congress to fully cover the rayon content of the cloth. This explanation, to our minds, does not satisfactorily account for the use of the terms in controversy, and to hold with the importer would lead to anomalies not necessary to discuss here.

The judgment of the United States Customs Court is *affirmed*.